

COMMONWEALTH OF KENTUCKY
CARTER CIRCUIT COURT
CIVIL ACTION NO. 14-CI-___223___

**DAVID ROBERT NICKELL**  PLAINTIFF

v. **COMPLAINT**

**KATHERINE LINTON,**
Individually and in her official
Capacity as Producer for Linton Media

    SERVE AT:    Katherine Linton
                        c/o Linton Media Inc.
                        68 Jay Street, Suite 409
                        Brooklyn, NY 11201

**LINTON MEDIA INC.,**

    SERVE AT:    Katherine Linton
                        c/o Linton Media Inc.
                        68 Jay Street, Suite 409
                        Brooklyn, NY 11201

**MTV**

    SERVE AT:    Phillipe P. Dauman
                        President & CEO, Viacom
                        1515 Broadway
                        New York, NY 10036

**VIACOM**

    SERVE AT:    Phillipe P. Dauman
                        President & CEO, Viacom
                        1515 Broadway
                        New York, NY 10036  **DEFENDANTS**

\*\* \*\* \*\* \*\* \*\* \*\*
**COMPLAINT**
\*\* \*\* \*\* \*\* \*\* \*\*

Comes now the Plaintiff, David R. Nickell for his Complaint against the Defendants herein, individually and in their official capacity as Producer and Officers of Viacom, hereby states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff seeks damages from Defendants under a theory of Fraud in the Inducement. Accordingly, this Court has jurisdiction of the case pursuant to the fact that Carter County, Kentucky is the location of all acts pertinent to this suit, and venue is therefore proper in this Court. There is personal jurisdiction over each of the parties hereto due to the fact that the acts complained of herein occurred at Carter County, Kentucky.

## PARTIES AND FACTUAL BACKGROUND

2. The Plaintiff, David R. Nickell, hereby affirms, reiterates, and incorporates by reference each and every allegation within paragraph 1 as if fully recited herein and further states as follows:

3. The Plaintiff, David R. Nickell, is a resident of Elliott County, Kentucky; and has been a resident thereof at all times complained of herein.

4. The Defendant, Katherine Linton, is a Producer with Linton Media Inc., a New York corporation that is registered to do business in New York at all times complained of herein. Furthermore, Katherine Linton was an agent, officer and employee acting on behalf of Viacom, and, in concert with the other agents named in the Complaint and in her individual capacity, is jointly and severally liable for the acts complained of herein as they relate to the Plaintiff, David R. Nickell. All acts committed by Defendant Katherine Linton were done under the direction of the officers of Linton Media, and Viacom and under the authority of her position with Linton Media Inc. and Viacom. Defendant Linton was employed as a Producer with Linton Media Inc., who was also responsible for all production decisions in regards to the show "True Life: I'm addicted to Pills."

5. The Defendant, Linton Media Inc., is a New York corporation that is registered to do business in New York at all times complained of herein. Furthermore, Linton Media Inc., was an agent acting on behalf of Viacom, and, in concert with the

other agents named in the Complaint and in their individual capacity, is jointly and severally liable for the acts complained of herein as they relate to the Plaintiff, David R. Nickell. All acts committed by Defendant Linton Media Inc., were done under the direction of the officers of Viacom and under the authority of Viacom. Defendant Linton Media Inc., was contracted by Viacom to produce the show "True Life: I'm addicted to Pills."

6. The Defendant, MTV, at all times complained of herein, was the employer of Defendants Linton and Linton Media Inc., and in concert with the other agents named in this Complaint, is jointly and severally liable for the acts complained of herein as they relate to the Plaintiff, David R. Nickell.

7. The Defendant, Viacom, at all times complained of herein, was the employer of Defendants Linton, Linton Media Inc., MTV and in concert with the other agents named in this Complaint, is jointly and severally liable for the acts complained of herein as they relate to the Plaintiff, David R. Nickell.

8. Plaintiff David R. Nickell states that on or about July 24th, 2013, the Defendant Katherine Linton fraudulently induced the Plaintiff David R. Nickell to illegally purchase a quantity of controlled substance and provide this to Cortney Howard, and cause this to be recorded and then aired on national television. The Plaintiff alleges that the Defendant Katherine Linton, Linton Media Inc., MTV, and Viacom acted in concert with one another and fraudulently induced the Plaintiff into committing this illegal act that caused the Plaintiff to be prosecuted by the Commonwealth of Kentucky and caused him to lose his fundamental constitutional right and caused him to be incarcerated for a period of over seven months in the Carter County Detention Center. The Plaintiff was told by Defendant Katherine Linton and an unknown cameraman to purchase these controlled substances and consume these illegal controlled substances,

wherefore, "it would be better for the TV show if the minor child is around when this happens." All the Defendants clearly knew that these actions would cause the Plaintiff to be prosecuted by the Commonwealth of Kentucky for the actions that the Plaintiff undertook at the direction of the Defendants.

## COUNT I – FRAUD IN THE INDUCEMENT

9. The Plaintiff, David R. Nickell, hereby affirms, reiterates, and incorporates by reference each and every allegation within paragraphs 1 through 8 as if fully recited herein and further states as follows:

10. Defendants Linton Media Inc., MTV, and Viacom, on or about July 24, 2013, through Defendant Katherine Linton made material representations to the Plaintiff, with the intent that the Plaintiff would rely on those material representations, knowing that those representations were false. Plaintiff did rely on those representations and suffered damages as a result.

11. The representations included that it would be better for the TV show if you bought pills from someone and snorted the pills

12. The representations also included that it would be better for the TV show if you took the child with you while the Plaintiff and Cortney Howard crushed and used these controlled substances in the presence of the minor child.

13. The representations also included that the Plaintiff or Cortney Howard would not be in any trouble for purchasing these controlled substances.

14. The representations also included that the Plaintiff or Cortney Howard would not be in any trouble for snorting these controlled substances off the hood of the car with the minor child being present.

15. These above representations made by Defendant Katherine Linton were intended to induce reliance by the Plaintiff.

16. Defendant Katherine Linton was not an agent of the Commonwealth of Kentucky, and Defendant Katherine Linton could not make such a representation as an agent of the Commonwealth of Kentucky and Defendant Katherine Linton knew her statements to the Plaintiff and Cortney Howard were materially false.

17. The Plaintiff did reasonably rely on these representations of the Defendants.

18. The above representations were false, known to be false by Defendant Katherine Linton and the Defendants when made and caused damage to the Plaintiff.

19. As a direct and proximate result of these materially false statements of the Defendants the Plaintiff sustained loss of his liberty and freedom, have suffered and will continue to suffer emotional distress, humiliation, pain, mental anguish, inconvenience, and have suffered a loss of power to labor and earn, all damages in excess of the minimal amount necessary to confer jurisdiction upon this court.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. The Plaintiff, David R. Nickell, hereby affirms, reiterates, and incorporates by reference each and every allegation within paragraphs 1 though 17 as if fully recited herein and further states as follows:

21. Defendants Linton Media Inc., MTV, and Viacom, on or about July 24, 2013, through Defendant Katherine Linton engaged in extreme and outrageous conduct by intentionally making false material statements knowing that the defendant would be damaged by these.

22. The Defendants used their positions of authority as Producer and owner of the TV show to fraudulently induce the Plaintiff into committing illegal acts.

23. The Defendants engaged in this extreme and outrageous conduct with the intent to cause, or in reckless disregard for causing, Plaintiff to suffer from emotional distress.

24. As a direct and proximate result of the intentional, extreme and outrageous conduct of the Defendants the Plaintiff sustained loss of his liberty and freedom, have suffered and will continue to suffer emotional distress, humiliation, pain, mental anguish, inconvenience, and have suffered a loss of power to labor and earn, all damages in excess of the minimal amount necessary to confer jurisdiction upon this court.

WHEREFORE, Plaintiff, demands:

1. Judgment against the Defendants Katherine Linton, Linton Media Inc., MTV, and Viacom, in an amount which will fairly and reasonably compensate the Plaintiff for the damages incurred as a result of Defendant's conduct.

2. Trial by jury.

3. His costs expended herein.

4. Any and all other relief to which he may appear to be entitled.

This the 11 day of July, 2014.

Very truly yours,

JOY LAW OFFICE
2701 Louisa Street
P.O. Box 411
Catlettsburg, KY 41129
Telephone: (606) 739-4569
Facsimile: (606) 739-0338
Cell: (859) 488-1214

_____
Hon. Sebastian M. Joy
Counsel for Plaintiff David R. Nickell
Kentucky Bar # 92583
West Virginia Bar # 10945
E-mail: sjoy@joylawoffice.com
Admitted in Kentucky & West Virginia