UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action 14-117-HRW

DAVID ROBERT NICKELL,                                                                PLAINTIFF,

v.                   **MEMORANDUM OPINION AND ORDER**

KATHERINE LINTON, Individually
and in her official capacity as
Producer for Linton Media,
LINTON MEDIA, INC.,
MTV and VIACOM,                                               DEFENDANTS.

This matter is before the Court upon the Defendants' Joint Motion to Dismiss Complaint [Docket No. 10]. The motion has been fully briefed by the parties [Docket Nos. 12 and 16]. For the reasons set forth herein, the Court finds that dismissal is not warranted at this juncture.

**I.    BACKGROUND**

This case arises from Plaintiff David Robert Nickell's participation in a reality documentary program titled *MTV True Life: I'm Addicted to Pills*. In his Complaint, Nickell alleges:

> [O]n or about July 24, 2013, the Defendant Katherine Linton fraudulently induced [him] to illegally purchase a quantity of controlled substance and provide this to Cortney Howard, and cause this to be recorded and then aired on national television.

[Complaint, Docket No. 1-1, ¶ 8].

Nickell further alleges that the Defendants made certain representations to him, which

were intended to induce his reliance. These representations are alleged in the Complaint:

> [I]t would be better for the TV show if you brought pills from someone and if you snorted the pills....[I]t would be better for the TV show if you took the child with you while Plaintiff and Cortney Howard crushed and used these controlled substances in the presence of the minor child....Plaintiff would not be in any trouble for purchasing these controlled substances.

*Id.*, ¶¶ 11-14.

Nickel further alleges:

> Defendant Katherine Linton, Linton Media Inc., MTV, and Viacom acted in concert with another and fraudulently induced Plaintiff into committing this illegal act that caused Plaintiff to be prosecuted by the Commonwealth of Kentucky and caused him to lose his fundamental constitutional right and caused him to be incarcerated for a period of over seven months in the Carter County Detention Center.

*Id.* at ¶ 8.

Nickel filed this lawsuit against Katherine Linton, individually and her official capacity as a Producer for Linton Media, Linton Media, Inc. ("Linton Media"), Viacom Media Networks (formerly known as MTV Networks), a wholly owned division of Viacom International Inc. (sued herein as "MTV" and referred to hereinafter as "VMN"), and Viacom Inc. (sued as and referred to hereinafter as "Viacom") (collectively referred to hereinafter as "Defendants") in Carter Circuit Court. He alleges two causes of action, fraud in the inducement and intentional infliction of emotional distress, and seeks monetary damages. The Defendants removed the matter to this Court upon the basis of diversity jurisdiction [Docket No. 1]. This Court sustained the removal [Docket No. 4]. The Defendants seek dismissal of all claims alleged herein pursuant to Fed.R.Civ.Proc. 12(b)(6).

2

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief. *See, Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). For purposes of dismissal pursuant to Fed. R. Civ. P 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The standard for dismissal is liberal. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also, Monette v. Electronic Data Systems, Corp.*, 90 F/3d 1173, 1189 (6th Cir. 1996). Consequently, a complaint will not be dismissed unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint. Because a motion to dismiss is based solely upon the complaint, the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See, Roth Steel Prods v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).

## III. ANALYSIS

### A. Documents not filed with the Complaint will not be considered in ruling upon a Rule 12(b)(6) motion.

In seeking an outright dismissal of Plaintiff's case, Defendants first argue that Nickell completely released them from the claims alleged. In support of their argument, they rely upon a Declaration of one of their lawyers, Elizabeth McNamara and an Appearance Release, which is attached thereto as Exhibit 2. Neither the Declaration or the Release were filed with the

Complaint. Nor is either document referred to in the Complaint.

It is well established that, in ruling on a motion to dismiss, the court "primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (citation omitted). As the Declaration and the Release are not matters of public record nor attached to the Complaint, they cannot be considered in the context of a Rule 12(b)(6) motion. Defendants urge the Court to, nonetheless, examine these documents. They maintain that a court may consider documents which are referred to in the Complaint and are central to Plaintiff's claim. However, these documents are not cited, mentioned or alluded to in the Complaint and are not "central" to Plaintiff's claims. Indeed, they have nothing to do with the claims alleged by Plaintiff; rather they are a part of the defense against these claims. Yet, the **defense** is not the focus of a motion to dismiss. It is the Complaint which is under scrutiny. It is the Plaintiff's version of the facts which must survive Rule(12)(b)(6) muster, not that of the Defendants.

Moreover, it appears from the parties' briefs that the facts surrounding the signing of the release are very much in contention. Therefore, even this Court were to consider it integral to the Complaint and thus relevant to the instant motion, the disputed facts render the Release outside of this Court's inquiry at this juncture. *See Mediacom Southeast LLC v. BellSouth Telecommunications*, 672 F.3d 396, 400 (6th Cir. 2012)(While "documents 'integral' to the complaint" may be relied upon, "even if [they are] not attached or incorporated by reference," "[i]t must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.")(citations omitted).

4

### B. Plaintiff adequately states a claim for fraud in the inducement.

In Kentucky, fraud by misrepresentation comprises six elements: (1) the defendant must have made a material misrepresentation; (2) that was false; (3) that the defendant knew was false, or made with reckless disregard for its truth; (4) that was intended to induce the plaintiff to act, based on the misrepresentation; (5) that the plaintiff reasonably relied; and (6) that caused the plaintiff injury. *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 248 (6th Cir. 2012) (citing *Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009)). The plaintiff's reliance, of course, must be reasonable, or, as the Restatement states, 'justifiable.'" *Flegles*, 289 S.W.3d at 549.

Plaintiff alleges two pairs of "representations" by Linton: (1) that "it would be better for the TV show" if Plaintiff "bought pills from someone and snorted the pills" and if Plaintiff "took the child with you while the Plaintiff and Cortney Howard crushed and used these controlled substances in the presence of the minor child"; and (2) that Plaintiff "would not be in any trouble" for "purchasing these controlled substances" or "for snorting these controlled substances off the hood of the car with the minor child being present." [Complaint, Docket No. 1-1, ¶¶ 11-14].

A fair reading of the Complaint establishes that Plaintiff has plead a plausible scenario of fraud in the inducement. He was assured that there would not be repercussions for the purchase and consumption of illegal controlled substances. He claims to have relied upon those statements and found himself prosecuted and imprisoned. While these allegatrions may not persuasive, there are plausible. As for whether his reliance upon Linton's statements was reasonable, that would involve an examination of facts not plead in the Complaint.

Defendants insist that Nickell's claim fails because the statements at issue do not relate to a past or present fact but are, rather, statements of opinion, which cannot form the basis of a fraud claim. In so arguing they cite caselaw which involve foward-looking opinions about investment prospects or the granting of franchises. In this case, the statements were materially false and, thus, adequately form the basis for a claim of fraud.

### C. Plaintiff adequately states a claim for intentional infliction of emotional distress.

The elements of a claim of intentional infliction of emotional distress are:

1) the wrongdoer's conduct must be intentional or reckless;
2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;
3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and
4) the emotional distress must be severe.

*Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004). As Kentucky courts have explained, "[t]he conduct in question must be 'a deviation from all reasonable bounds of decency and is utterly intolerable in a civilized community.'" *Sacharnoski v. Capital Consol., Inc.*, 187 F. Supp. 2d 843, 845 (W.D. Ky. 2002) (quoting *Craft v. Rice*, 671 S.W.2d 247, 250 (Ky. 1984)).

Nickell bases his claim for intentional infliction of emotional distress upon the actions of Linton in inducing him to commit illegal acts. [Complaint, Docket No. 1-1, ¶ 22]. He alleges that the Defendants intended to cause him to suffer emotional distress or did so with reckless disregard. *Id.* at ¶ 23. He claims that "[a]s a direct and proximate result of the intentional, extreme and outrageous conduct of the Defendants, [he] sustained loss of his liberty and freedom, [has] suffered and will continue to suffer emotional distress, humiliation, pain, mental

anguish." *Id.* at ¶ 24. He has sufficiently addressed every element of the claim.

Defendants dispute the sufficiency of his allegations that their conduct was outrageous and he suffered emotion distress. While all the circumstances surrounding Plaintiff's participation in the reality show are not set forth in the Complaint, the undersigned declines to rule that he can cannot conceivably prove any set of facts that would entitle him to relief. It is certainly within the realm of imagination that these facts present a case about which an average member of the community would be lead to exclaim "outrageous!" *See White v. Sanitation Dist. No. 1*, 2014 WL 2795837, *8 (Ky. App. 2014).

## IV.   CONCLUSION

Crediting the Defendants', rather than the Plaintiff's version of facts raises the pleading standard beyond the parameters of Rule 12(b)(6) and Requires the Plaintiff's well-pleaded facts to be not only plausible, but persuasive. This is not the appropriate burden at this stage of the litigation. *Mediacom*, 672 F.3d at 400.

Nor is the Court inclined to consider Defendants' motion as one made pursuant to Fed.R.Civ.Proc. 56. Without the benefit of an Answer or even the most preliminary discovery, it would not behoove the Court to rush to judgment.

This is not to suggest that Nickell will ultimately prevail. This Court has only found that his pleading is not so deficient that he should be denied the opportunity to present his case.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Joint Motion to Dismiss Complaint [Docket No. 10] be **OVERRULED**.

This 24th day of February 2015.



Signed By:
*Henry R. Wilholt, Jr.*
**United States District Judge**